## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ANGELA GAYLE O'NEAL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-09-501-C** |
| | ) | |
| **MILLICENT NEWTON-EMBRY,** | ) | |
| **Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, has filed an amended petition pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction.[1] [Doc. No. 15]. United States District Judge Robin J. Cauthron has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Pursuant to Rule 4, Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions upon filing and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief . . . ." In accordance with Rule 4, Rules Governing Section 2254 Cases, the amended petition has been promptly examined and for the reasons set forth hereafter, the undersigned recommends that it be dismissed for failing to state a cognizable claim for habeas relief.

---

[1]In response to Petitioner's original petition Respondent filed a motion to dismiss for failure to exhaust all of her federal claims. By order dated March 18, 2010, Petitioner was advised that her habeas action would be dismissed for failure to exhaust unless she filed an amended petition raising her only exhausted claim "that her plea was involuntarily entered because the trial court failed to advise her that her sentence was subject to Oklahoma's 85% Rule)." Order [Doc. No. 14].

Petitioner is challenging her conviction pursuant to a plea of *nolo contendere* to a charge of first degree manslaughter in Case No. CF-2005-449, in the District Court of Canadian County, for which she was sentenced to twenty-five years imprisonment with all but the first fifteen years suspended.  Amended Petition, p. 2.[2]  Petitioner filed a certiorari appeal in the Oklahoma Court of Criminal Appeals ("OCCA"), and the OCCA denied Petitioner's petition for writ of certiorari.  *Id.*, p. 3.  Petitioner states that she filed a motion for suspended sentence which was denied by the district court.  *Id.*, p. 4.  Petitioner also filed an application for sentence modification that is still pending.  *Id.*, p. 5.

In her amended petition Petitioner asserts a single ground for habeas relief, entitled "Violation of Equal Protection and Due Process."  As supporting facts, Petitioner asserts that her plea was not voluntary because the trial court failed to advise her that under Oklahoma law she would not be eligible for parole until she served eighty-five percent of her sentence and that the OCCA's denial of her certiorari appeal in which this claim was raised violated her rights to equal protection and due process.  Amended Petition, p. 6.

## Discussion

### Voluntariness of Plea

Under Oklahoma law, individuals convicted of certain enumerated statutory offenses, including first degree manslaughter, must serve eighty-five percent of the sentence imposed before being eligible to be considered for parole (the 85% Rule).  *See* Okla. Stat. tit. 21, §§ 12.1 and 13.1(3) (Supp. 2000).  Petitioner contends that her *nolo contendere* plea was not

---

[2]The form on which Petitioner filed her amended petition begins on page two.

voluntary because the trial court failed to advise her that she would not be eligible for parole until she served eighty-five percent of her sentence.  Amended Petition, p. 6.

In *Boykin v. Alabama*, 395 U.S. 238, 242 (1969), the Supreme Court held that a guilty plea must be entered into "knowingly and voluntarily."  The plea must represent a deliberate, intelligent choice.  *Parke v. Raley*, 506 U.S. 20, 28 (1992).  And the defendant must have "a full understanding of what the plea connotes and of its consequence."  *Boykin*, 395 U.S. at 244.  The Supreme Court has explained that a voluntary guilty plea is one in which defendant is fully aware of the "direct consequences" of the plea.  *Brady v. United States*, 397 U.S. 742, 755 (1970).

The issue raised by Petitioner, restrictions on parole eligibility, involve "collateral" consequences of a *nolo contendere* plea.  *See Holmes v. United States*, 876 F.2d 1545, 1549 (11th Cir.1989); *see also Hill v. Lockhart*, 731 F.2d 568, 570 (8th Cir.1984) ("[t]he details of parole eligibility are considered collateral rather than direct consequences of a plea") (citations omitted).  Thus, the trial court's alleged failure to inform Petitioner of consequences collateral to her plea, such as the applicability of Oklahoma's 85% requirement, was not a direct consequence of the plea and did not render her plea involuntary.  *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) ("We have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary . . . ."); *United States v. Krejcarek*, 453 F.3d 1290, 1296 (10th Cir. 2006) ("There is no requirement that a defendant be advised of all potential collateral consequences of a guilty plea in order for that

plea to be voluntary, knowing, and intelligent.") (citing *Brady v. United States*, *supra*); *Harris v. Allen*, 929 F.2d 560, 562 (10th Cir. 1991) (failure to advise concerning collateral consequences does not render a plea involuntary); *Perkis v. Sirmons*, 201 Fed. Appx. 648, 652 (10th Cir. 2006) (holding that state court's failure to inform petitioner that "he would be ineligible for parole prior to serving 85% of his sentence" was merely a failure to inform petitioner about a collateral consequence of the plea which was insufficient to invalidate a plea agreement); *Varela v. Kaiser*, 976 F.2d 1357, 1358 (10th Cir. 1992) ("Actual knowledge of the consequences that are collateral to the guilty plea is not a prerequisite to the entry of a knowing and intelligent plea.") (citation omitted); *Strader v. Garrison*, 611 F.2d 61, 63 (4th Cir. 1979) (stating that parole eligibility is considered "an indirect and collateral consequence" of a guilty plea); *Myers v. Straub*, 159 F. Supp.2d 621, 628 (E.D. Mich. 2001) ("A defendant need only be made aware of the direct consequences of a guilty plea for the plea to be made voluntarily and intelligently; a trial court is under no obligation to inform a defendant of all possible collateral consequences of a plea.").

Petitioner fails to allege that she entered her *nolo contendere* plea without knowledge of the direct consequences of the plea. Petitioner makes no claim that she misunderstood the elements of the charge against her or was unaware of the potential penalty for the offense of first degree manslaughter. *See* Okla. Stat. tit. 21, § 715 (1991) ("punishable by imprisonment in the custody of the Department of Corrections for not less than four (4) years").[3] In

---

[3]Because the offense of first degree manslaughter has no statutory maximum penalty, this offense carries a potential maximum punishment of life imprisonment. *See* Okla. Stat. tit. 21, § 62.1
(continued...)

addition, Petitioner does not claim that she was unaware of the nature and extent of the rights she was waiving by entering her plea of *nolo contendere* or that her plea was the result of threats, coercion or promises.  Further, Petitioner has not alleged that her attorney rendered ineffective assistance by misadvising or failing to disclose Oklahoma's 85% Rule.[4]  Finally, the twenty-five year sentence imposed by the trial court was well within the relevant statutory range, and Petitioner does not allege that she would have proceeded to trial to face a possible sentence of life imprisonment.

A federal court will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plea guilty.  *See Cunningham v. Diesslin*, 92 F.3d 1054, 1060 (10th Cir. 1996).  Here, Petitioner's claim that the trial court failed to advise her that she must serve 85% of her sentence plainly challenges only a collateral consequence of the *nolo contendere* plea she entered in Case No. CF-2005-449.  Such challenge has no bearing on whether her plea was constitutionally valid.  Under these circumstances, the undersigned finds that Petitioner has failed to state a cognizable claim for federal habeas relief.

Equal Protection/Due Process

---

[3](...continued)
(1999).

[4]Even if Petitioner made this claim, the failure to inform Petitioner about Oklahoma's 85% service requirement would "not implicate the Sixth Amendment, and therefore cannot be the grounds for a viable ineffective-assistance-of-counsel claim." *Chrisman v. Mullins*, 213 Fed. Appx. 683, 687 (10th Cir. 2007); *see also Varela v. Kaiser*, 976 F.2d at 1358 (stating that the Sixth Amendment does not encompass "'collateral aspects of the prosecution'") (citation omitted).

Plaintiff also alleges that her constitutional rights to equal protection and to due process were violated because "contrary to Oklahoma law," the OCCA denied relief to Petitioner on her 85% Rule claim while granting relief to a defendant in another case "with the same facts and procedural posture." Amended Petition, p. 6.[5]

Petitioner's reliance on the Oklahoma Constitution is unavailing. Federal habeas relief is available for violations of the United States Constitution, but not for violations of a state constitution. *See Davis v. Reynolds*, 890 F.2d 1105, 1109 n.3 (10th Cir. 1989) ("Alternative state claims, whether grounded in state statutes or the State Constitution, are not cognizable under 28 U.S.C. § 2254(a)."). Thus, Petitioner could not obtain habeas relief even if the appellate court violated the Oklahoma Constitution.

Plaintiff also alleges a violation of the federal constitution, specifically her rights to equal protection and due process. The Fourteenth Amendment to the United States

---

[5]According to Petitioner, the case of *Sharp v. State*, Case No. C-2007-345 (Okla. Crim. App. November 30, 2007), like Petitioner's case, was pending on direct review when the OCCA "announced a new rule of criminal procedure holding that failure to inform the defendant regarding the 85% rule prior to a blind plea renders the plea involuntary." Amended Petition, page following p. 6. Petitioner argues that in *Sharp*, an unpublished decision, the OCCA granted relief on the failure to advise of the 85% Rule before entry of a plea, but the OCCA denied Petitioner relief on the same issue. *Id.*

The undersigned takes judicial notice of the state court documents which show that following the OCCA's denial of her certiorari appeal, Petitioner sought a rehearing, arguing that the OCCA's decision was contrary to the decision in *Pickens v. State*, 158 P.3d 482 (Okla. Crim. App. 2007), wherein the OCCA held that the failure of the trial court to advise a defendant that he or she must be serve 85% of the sentence imposed renders a blind plea involuntary and the defendant must be allowed to withdraw it. Respondent's Brief in Support of Motion to Dismiss [Doc. No. 8], Ex. 4. In a motion for rehearing Petitioner argued, as she does in her amended habeas petition, that her rights to equal protection and due process had been violated because the OCCA applied the ruling in *Pickens* in the *Sharp* case but not in her case, even though both cases had been pending on direct review at the time of the *Pickens* decision. *Id.* The OCCA denied rehearing, stating that the court had considered *Pickens* in arriving at its decision in Petitioner's case. *Id.*, Ex. 5, p. 2.

Constitution provides that no State "shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV.   Due Process emphasizes "fairness between the State and the individual dealing with the State, regardless of how other individuals in the same situation may be treated." *Evitts v. Lucey*, 469 U.S. 387, 405 (1985).   "Equal [p]rotection, on the other hand, emphasizes disparity in treatment by a State between classes of individuals whose situations are arguably indistinguishable." *Id.*

Due process guarantees Petitioner and all convicted defendants an "'adequate opportunity to present [their] claims fairly in the context of the State's appellate process.'" *Lucey*, 469 U.S. at 405 (citing *Ross v. Moffett*, 471 U.S. 600, 616 (1974)).   To the extent Petitioner is asserting that a federal due process violation occurred during the state appellate court's review of her claim, her allegation is so conclusory as to prevent any meaningful review of such a claim.   Moreover, Petitioner acknowledges that she pursued her appeal in the OCCA and indicates that she received a determination on the merits by that court. Amended Petition, p. 3 (citing Case No. C-2007-2005).   Additionally, as noted, the previous record in this case shows that Petitioner also sought a rehearing before the OCCA on the issue raised here.   That the OCCA rejected her argument and denied her petition for rehearing does not mean that she did not receive due process. *See, e.g., Ross*, 417 U.S. at 609 ("'Due process' emphasizes fairness between the State and the individual dealing with the State, regardless of how other individuals in the same situation may be treated."). Accordingly, the undersigned finds that Petitioner has failed to state a constitutional violation

in this regard.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10ᵗʰ Cir. 1992) (noting that even though pro se filings are construed liberally, "the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations") (citation omitted); *see also Amsden v. Moran*, 904 F.2d 748, 757 (1ˢᵗ Cir. 1990) ("Charges that substantive due process was denied cannot rest on conclusory allegations or rhetoric alone . . . .").

In considering Petitioner's equal protection argument, the undersigned initially notes that Petitioner has alleged no facts demonstrating that she is a member of a protected class that has been treated differently than another class in such a manner as to violate the Equal Protection Clause.  Petitioner's claim is that she has been treated differently than one other "similarly situated" defendant.  Amended Petition, p. 6 (alleging the OCCA granted relief to Mr. Sharp in "a case with the same facts and procedural posture").  Even if Petitioner could properly show that she is similarly situated to another defendant who received a favorable ruling on this issue from the OCCA, Petitioner fails to allege a violation of equal protection of the law.

The Equal Protection Clause of the Fourteenth Amendment does not assure uniformity of judicial decisions or immunity from judicial error; otherwise, every alleged misapplication of state law would constitute a federal constitutional question.  *See Beck v. Washington*, 369 U.S. 541, 554-55 (1962); *Milwaukee Electric Ry. Co. v. Milwaukee*, 252 U.S. 100, 106 (1920).  Petitioner's equal protection argument is based solely on disparate litigation results. In the state criminal case cited by Petitioner, the OCCA apparently found the guilty plea

entered by Defendant Sharp was a violation of state law, but rejected Petitioner's contention that the court had overlooked controlling state law in denying her claim that her guilty plea was invalid.  Even assuming the two cases have certain similarities, the OCCA's rejection of Petitioner's claim is not a violation of equal protection.  Rather, Petitioner's "argument here comes down to a contention that [Oklahoma] law was misapplied." *Beck*, 369 U.S. at 554-55.  The Fourteenth Amendment does not preclude a court from reaching different outcomes in cases with different facts, and even if the state appellate court erred, the Amendment does not protect against mere misapplication of state law. *Id.* at 554-55. *See also Cummings v. Sirmons*, 506 F.3d 1211, 1237 (10th Cir. 2007) ("[Defendant] has cited to no United States Supreme Court decisions, and our own independent research has failed to produce any, holding that a state court's erroneous application of state criminal law can result in a violation of a criminal defendant's equal protection rights.").  Accordingly, the undersigned finds that Petitioner's equal protection claim does not present a federal issue cognizable on habeas corpus. *See Powers v. Dinwiddie*, 324 Fed. Appx. 702, 703-04 (10th Cir. April 1, 2009) (finding no violation of equal protection guarantees where OCCA refused to modify petitioner's sentence due to trial court's failure to instruct jury on Oklahoma's 85% Rule) (citing *Cummings v. Sirmons, supra*); *Bates v. Workman*, 311 Fed. Appx 125, 129 (10th Cir. Feb. 9, 2009) (finding no equal protection violation where petitioner challenged the OCCA's application of Oklahoma law on direct appeal, citing *Beck v. Washington, supra*); *Jackson v. Hines*, 268 Fed. Appx. 773, 777 (10th Cir. Feb. 9, 2009) (finding no equal protection violation where OCCA affirmed petitioner's sentence but reversed sentence of two

other defendants sentenced by same trial judge pursuant to her policy, citing *Beck v. Washington*, *supra*).

## RECOMMENDATION

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the amended petition [Doc. No. 15] be dismissed for failure to state a cognizable claim for habeas relief. Petitioner is advised of her right to file an objection to this Report and Recommendation with the Clerk of this Court by the 30th day of August, 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk of the Court is instructed to electronically forward a copy of this Report and Recommendation to the Oklahoma Attorney General on behalf of the Respondent at the following address: fhc.docket@oag.state.ok.us.

ENTERED this 10th day of August, 2010.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE