IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ANGELA GAYLE O'NEAL,           )
                               )
            Petitioner,        )
                               )
vs.                            )   Case Number CIV-09-501-C
                               )
MILLICENT NEWTON-EMBRY,        )
                               )
            Respondent.        )

# ORDER ADOPTING REPORT AND RECOMMENDATION

This action for habeas corpus relief brought by a prisoner, proceeding pro se, was referred to United States Magistrate Judge Bana Roberts, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Roberts entered a Report and Recommendation ("R&R") on August 10, 2010, recommending the Petition be dismissed. Petitioner has timely objected, and the Court considers the matter *de novo*.

Review of the materials in this case reveals that there is simply no support for Petitioner's exhausted claims.[*] As Judge Roberts noted, issues such as application of the 85% rule are collateral rather than direct consequences and therefore any failure to mention them does not render a plea involuntary. The Tenth Circuit has so held in Chrisman v. Mullins, 213 F.App'x 683 (10th Cir. 2007). The Court finds no error in the determinations made by Judge Roberts and it is clear that Petitioner's claim is without merit.

---

[*] By Order dated March 18, 2010, the Court adopted an earlier R&R which identified several unexhausted claims in Petitioner's case. The Court explicitly directed Plaintiff to file an amended petition raising only that her plea was involuntary due to the trial court's failure to advise her that her sentence was subject to the 85% rule. To the extent the present R&R considers other claims, it will not be adopted.

Accordingly, the Court adopts that portion of the Report and Recommendation (Dkt. No. 12) which found application of the 85% rule to be collateral and therefore incapable of rendering the plea involuntary, and, for the reasons announced therein, dismisses this petition for habeas corpus relief. To the extent Petitioner attempted to raise other issues, they are dismissed in accordance with the Court's earlier Order. A judgment will enter accordingly.

IT IS SO ORDERED this 7th day of October, 2010.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge